UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS GOHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04:09-cv-00769 JCH |
| | ) | |
| OWEN HILL, | ) | |
| | ) | |
| Defendant | ) | **Jury Trial Demanded** |

**DEFENDANT OWEN HILL'S ANSWER
TO PLAINTIFF'S FIRST AMENDED PETITION**

COMES NOW Defendant, Owen Hill, and in answer and affirmative defense to Plaintiff's First Amended Petition (hereinafter, "complaint") in this cause, states as follows:

**FACTS COMMON TO ALL COUNTS**

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph of Plaintiff's complaint, and therefore denies the same.

2. Defendant admits that on or about June 7, 2007, he was employed as a police officer; the remaining averments in this paragraph of Plaintiff's complaint are not statements of fact but legal conclusions as to which no answer is required; however, to the extent any allegation in this paragraph is deemed to require an answer, any and all such allegations are denied.

3. The allegations of this paragraph of Plaintiff's complaint are not statements of fact but legal conclusions as to which no answer is required; however, to the extent any allegation in this paragraph is deemed to require an answer, any and all such allegations are denied.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of Plaintiff's complaint, and therefore denies the same.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph of Plaintiff's complaint, and therefore denies the same.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph of Plaintiff's complaint, and therefore denies the same.

7. Defendant denies all allegations in this paragraph of Plaintiff's complaint.

## COUNT I – ASSAULT

8. Defendant incorporates by reference, as if fully set forth, all responses in this Answer to the allegations contained in paragraphs 1-7 of Plaintiff's complaint.

9. Defendant denies all allegations in this paragraph of Plaintiff's complaint.

10. Defendant denies all allegations in this paragraph of Plaintiff's complaint.

11. Defendant denies all allegations in this paragraph of Plaintiff's complaint.

12. Defendant denies all allegations in this paragraph of Plaintiff's complaint.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief sought in this paragraph and under this Count of Plaintiff's complaint, and prays for dismissal of Plaintiff's complaint, for costs, and for such other relief as the Court may deem just and appropriate.

## COUNT II – BATTERY

13. Defendant incorporates by reference, as if fully set forth, all responses in this Answer to the allegations contained in paragraphs 1-12 of Plaintiff's complaint.

14. Defendant denies all allegations in this paragraph of Plaintiff's complaint.

15. Defendant denies all allegations in this paragraph of Plaintiff's complaint.

16. Defendant denies all allegations in this paragraph of Plaintiff's complaint.

17. Defendant denies all allegations in this paragraph of Plaintiff's complaint.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief sought in this paragraph and under this Count of Plaintiff's complaint, and prays for dismissal of Plaintiff's complaint, for costs, and for such other relief as the Court may deem just and appropriate.

## COUNT III – 42 U.S.C. § 1983

18. Defendant incorporates by reference, as if fully set forth, all responses in this Answer to the allegations contained in paragraphs 1-17 of Plaintiff's complaint.

19. The allegations of this paragraph of Plaintiff's complaint are not statements of fact but legal conclusions as to which no answer is required; however, to the extent any allegation in this paragraph is deemed to require an answer, any and all such allegations are denied.

20. Defendant denies each and every allegation of this paragraph of Plaintiff's complaint.

21. Defendant denies each and every allegation of this paragraph of Plaintiff's complaint.

22. Defendant denies each and every allegation of this paragraph of Plaintiff's complaint.

23. Defendant denies each and every allegation of this paragraph of Plaintiff's complaint.

24. Defendant denies each and every allegation of this paragraph of Plaintiff's complaint.

25. Defendant denies each and every allegation of this paragraph of Plaintiff's complaint.

26. Defendant denies each and every allegation of this paragraph of Plaintiff's complaint.

27. Defendant denies each and every allegation of this paragraph of Plaintiff's complaint.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief sought in this paragraph and under this Count of Plaintiff's complaint, and prays for dismissal of Plaintiff's complaint, for costs, and for such other relief as the Court may deem just and appropriate.

In additional answer, Defendant denies each and every allegation of Plaintiff's complaint that has not been expressly admitted.

Defendant demands a jury trial on each and every claim in Plaintiff's complaint.

### AFFIRMATIVE DEFENSES

**First Affirmative Defense**

Plaintiff has failed to state a claim for which relief may be granted.

**Second Affirmative Defense**

To the extent Plaintiff purports to state an "official capacity" claim against Defendant in damages for a state common law tort against the State, it is barred by sovereign immunity.

**Third Affirmative Defense**

Plaintiff's claims are barred by the doctrine of official immunity.

**Fourth Affirmative Defense**

Plaintiff's claims are barred by the public duty doctrine.

**Fifth Affirmative Defense**

Defendant acted in defense of self and/or another.

**Sixth Affirmative Defense**

Defendant is not the proximate cause of Plaintiff's damages.

**Seventh Affirmative Defense**

To the extent Plaintiff purports to raise a claim against Defendant in his "official capacity" on his federal claim, his action is barred by the Eleventh Amendment.

**Eighth Affirmative Defense**

Defendant is entitled to qualified immunity.

**Ninth Affirmative Defense**

Plaintiff's claims of excessive force under 42 U.S.C. § 1983 and assault and battery under state law are based on the same injury and therefore would constitute an improper double recovery.

**Tenth Affirmative Defense**

In further defense, these Defendant incorporates by reference each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery in this case. Defendant specifically reserves the right to amend his answer to include affirmative defenses at the time they are discovered.

WHEREFORE, Defendant, having fully answered all allegations herein, prays that Plaintiff's complaint be dismissed with prejudice, for costs, and for such further relief as the Court may deem just and appropriate.

Respectfully submitted,

CHRIS KOSTER
Attorney General


*/s/ Michael S. Meyers*
Michael S. Meyers, #516891
Assistant Attorney General
State of Missouri
P.O. Box 861
St. Louis, MO 63188
(314) 340-7861 (phone)
(314) 340-7029 (fax)


**CERTIFICATE OF SERVICE**

A copy of the foregoing was mailed this 9th day of June, 2009, postage prepaid, to:

Mr. Anthony Pezzani
Engelmeyer & Pezzani, L.L.C.
13321 North Outer Forty Road, Suite 300
Chesterfield, MO 63017
*Attorneys for Plaintiff*

*/s/ Michael S. Meyers*
Assistant Attorney General

6