IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| THOMAS GOHN, ) | |
| ) | |
| Plaintiff, ) | Cause No.:   0822-CC00779 |
| ) | |
| v. ) | Division:   1 |
| ) | |
| OWEN HILL, ) | |
| ) | |
| Defendant. ) | |

**FIRST AMENDED PETITION FOR DAMAGES**

**FACTS COMMON TO ALL COUNTS**

Comes Now Plaintiff, Thomas Gohn, and for his cause of action, states and alleges as follows:

1. At all times herein mentioned herein, Plaintiff, Thomas Gohn (hereinafter "Plaintiff"), was a resident St. Louis County, State of Missouri.

2. At all times herein mentioned, Owen Hill (hereinafter "Defendant), was employed by and working on behalf of the City of St. Louis in his official capacity as a police officer with the Metropolitan Police Department and was acting in his individual capacity as the agent, servant and/or employee of the City of St. Louis; Plaintiff brings this action against Defendant both in his individual and official capacities.

3. At all times herein mentioned, Defendant was acting under the statutes, ordinances, customs, policies and usage of the City of St. Louis and the State of Missouri.

4. On or about June 7, 2007, Plaintiff was removing equipment from space he leases at 4201 Geraldine Dr, St. Louis, MO 63115, located in the City of St. Louis.

5. Plaintiff was approached by Defendant and Robert Sinclair (hereinafter "Sinclair"), who claimed he was the owner of the equipment.

6. At that time, Plaintiff provided Defendant paperwork concerning ownership of the equipment which Defendant then handed to Sinclair.

7. When Plaintiff retrieved the paperwork from Sinclair, Defendant used unlawful and unjustified physical force against Plaintiff, grabbing him by the throat and pushing him down, at which time Plaintiff fell to the ground and Defendant continued to straddle and choke Plaintiff.

## COUNT I - ASSAULT

Comes now Plaintiff and for Count I of his cause of action, states and alleges as follows:

8. Plaintiff realleges and incorporates by reference as though fully set forth, the allegations contained in paragraphs 1 – 7 herein.

9. Defendant's actions were an attempt to injure Plaintiff, and said attempt was unlawful and unjustified.

10. At all times relevant, Defendant had the apparent present ability to injure the Plaintiff.

11. As a direct and proximate result of the above described acts of Defendant, Plaintiff suffered bodily injury, pain and emotional distress.

12. The aforesaid acts of Defendant were intentional, willful, wanton, and done with an evil motive and with an actual intention to cause harm to Plaintiff, thereby justifying the imposition of punitive and exemplary damages.

WHEREFORE, Plaintiff prays for judgment against Defendant in a fair and reasonable amount in excess of $25,000.00; for punitive damages in an amount that will serve to both punish Defendant for his actions and deter others from conduct similar to that exhibited by

Defendant; together with his costs herein expended and for other orders as are just under the circumstances herein.

### COUNT II – BATTERY

Comes now Plaintiff and for Count II of his cause of action, states and alleges as follows:

13. Plaintiff realleges and incorporates by reference as though fully set forth, the allegations contained in paragraphs 1 – 12 herein.

14. Defendant's actions as aforesaid caused offensive contact and bodily harm to Plaintiff.

15. Defendant's contact with Plaintiff was unlawful and unjustified.

16. As a direct and proximate result of the above described unlawful and unjustified acts of Defendant, Plaintiff suffered bodily injury, pain and emotional distress.

17. The aforesaid acts of Defendant were intentional, willful, wanton, and done with an evil motive and with an actual intention to cause harm to Plaintiff, thereby justifying the imposition of punitive and exemplary damages.

WHEREFORE, Plaintiff prays for judgment against Defendant in a fair and reasonable amount in excess of $25,000.00; for punitive damages in an amount that will serve to both punish Defendant for his actions and deter others from conduct similar to that exhibited by Defendant; together with his costs herein expended and for other orders as are just under the circumstances herein.

### COUNT III – 42 U.S.C. § 1983

Comes Now Plaintiff and for Count III of his cause of action, states and alleges as follows:

18. Plaintiff realleges and incorporates by reference as though fully set forth, the allegations contained in paragraphs 1 – 17.

19. Plaintiff's claim is brought pursuant to the provisions of 42 U.S.C. § 1983 and the guarantees endowed upon each citizen of the United States by virtue of the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

20. The assault and battery carried out by Defendant against Plaintiff was in direct violation of Plaintiff's guaranteed protection under the laws and the Constitution of the United States, and more specifically in violation of the Fifth and Fourteenth Amendments thereto and the provisions of 42 U.S.C. § 1983 and the laws and Constitution of the State of Missouri.

21. Defendant, in carrying out the assault and battery, was acting under the color of the statutes, ordinances, customs, policies and usage of the City of St. Louis and the State of Missouri.

22. The assault and battery occurred while Plaintiff was unarmed, helpless and in the custody and under the control of the Defendant; and further, at no time during the assault and battery did Plaintiff in any way whatsoever resist the orders of or pose a threat to the safety of the Defendant or any other person; and further, at no time during the assault and battery did Plaintiff attempt to defend himself, as was his legal right.

23. As a direct and proximate result of the above described unlawful and malicious acts of the Defendant, Plaintiff suffered grievous bodily harm, extreme pain and emotional distress.

24. As aforesaid, Plaintiff was the victim of unjust and unjustifiable punishment that was grossly disproportionate to whatever Plaintiff's suspected offense may have been; and further, the assault and battery constitute cruel and unusual punishment, depriving Plaintiff of the

right to due process of the law under the laws and Constitution of the United States, in particular the Fourth, Fifth, Eighth and Fourteenth Amendments; and further, the assault and battery were unwarranted, cruel, excessive and outrageous in the extreme.

25. As a further result of the assault and battery, Plaintiff was deprived of those rights and immunities provided under the Constitution and Laws of the United States and the State of Missouri, including without limitation his right to be secure in his person, his right to be free from punishment without due process of law and his right to the equal protection of the laws.

26. The Defendant's aforesaid actions were conscious, deliberate and intentional, and in further violation of Plaintiff's guaranteed rights under the laws and the Constitution of the United States, more specifically in violation of the Fifth and Fourteenth Amendments thereto and the provisions of 42 U.S.C. § 1983 and the laws and Constitution of the State of Missouri.

27. The aforesaid acts and omissions of the Defendant were sadistic, intentional, willful, wanton, and done with an evil motive and with an actual intention to cause harm to Plaintiff, thereby justifying the imposition of punitive and exemplary damages.

WHEREFORE, Plaintiff prays for judgment against Defendant in a fair and reasonable amount in excess of $25,000.00; for punitive damages in an amount that will serve to both punish Defendant for his actions and deter others from conduct similar to that exhibited by Defendant; together with his costs herein expended and for other orders as are just under the circumstances herein.

ENGELMEYER & PEZZANI, LLC

by: _____
Timothy A. Engelmeyer, #39941
*tim@epfirm.com*
Anthony M. Pezzani, #52900
*tony@epfirm.com*
13321 North Outer Forty Road, Suite 300
Chesterfield, Missouri 63017
(636) 532-9933 Telephone
(314) 863-7793 Facsimile
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

    A true copy of the foregoing has been served the defendant by depositing the same in the United States mail, postage pre-paid, this 29th day of April, 2009, addressed to the attorney of record herein:

Mr. Michael S. Meyers
Assistant Attorney General
815 Olive, Suite 200
St. Louis, MO 63101

_____