UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS GOHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 4:09-cv-00769 JCH |
| OWEN HILL, ) | |
| ) | |
| Defendant ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION**
**FOR SUMMARY JUDGMENT**

Defendant moves this Court, pursuant to Fed.R.Civ.P. 56(b), for an Order dismissing Plaintiff's First Amended Complaint. In support of this motion, Defendant states as follows:

**Introduction**

This is an action brought under 42 U.S.C. § 1983 and state law seeking monetary relief for alleged violation of plaintiff Thomas Gohn's rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. The Amended Complaint asserts a state law claim of assault and battery against defendant Police Officer Owen Hill ("Hill").

Specifically, Plaintiff alleges that on June 7, 2007, as he was in the process of removing items from a storage space he rented he was approached by Police Officer Hill who used excessive force in an attempt to resolve a dispute between Plaintiff and the owner of the storage facility. (Doc. #30, First Amended Complaint). Counts I and II are a state law claims for assault and battery against defendant Hill. (Doc. #30, ¶¶ 8-17). Count III is a federal claim brought against defendant Hill for violation of Plaintiff's constitutional rights. (Doc .#30, ¶¶ 18-27).

1

**Legal Standard**

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the Court demonstrates "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. l988)(the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). After the moving party discharges this burden, if the record shows that no genuine dispute exists, the burden shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (l986).

The Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." Kampouris v. St. Louis Symphony Soc., 210 F.3d 845, 847 (8th Cir. 2000). The district court "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." Id.

Count III, Plaintiff's sole federal claim, is primary and will be addressed first in this motion. If this Court rules Plaintiff failed to state a violation of the Eighth Amendment and dismisses the federal section 1983 claim, then Plaintiff's remaining state claims should be dismissed as well. 28 U.S.C. § 1367(c)(3).

Pursuant to E.D. Mo. L.R. 7-4.01(A), Defendant files attached Statement of Uncontroverted Material Facts containing appropriate citations to the record.

I.  **Count III: 42 U.S.C. § 1983 Claim Against Police Officer Owen Hill.**

    A.      **Excessive Force**

"[C]laims that law enforcement officers have used excessive force –deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." Graham v. Conner, 490 U.S. 386, 395 (1989)(emphasis in original); Brown v. City of Golden Valley, 574 F.3d. 491, 496 (8th Cir. 2009).  In order to establish a Section 1983 constitutional violation under the Fourth Amendment's right to be free from excessive force, "the test is whether the amount of force was objectively reasonable under the particular circumstances." Id. at 496.  The reasonableness standard is "viewed from the vantage point of the police officer[s] at the time of arrest or seizure." Gill v. Maciejewski, 546 F.3d 557, 562 (8th Cir. 2008)(citing Wertish v. Krueger, 433 F.3d 1062, 1066 (8th Cir. 2006)).  "This calculus allows 'for the fact that police officers are often forced to make split-second decisions – in circumstances that are tense, uncertain, and rapidly evolving --- about the amount of force that is necessary in a particular situation." Brown, 574 F.3d at 496 (quoting Graham v. Connor, 490 U.S. 386, 397 (1989)).   This Court must inquire "whether the officers' action are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Nance v. Sammis, 586 F.3d 604, 609-10 (8th Cir. 2009).

Prior to the incident in question, Plaintiff was renting storage space in a warehouse owned by Bob Sinclair located at 4201 Geraldine.  (Defs' Exh A, Plaintiff's depo 37-38). Plaintiff's space housed numerous pieces of medical equipment, a saw table covered by a tarp, half dozen skids, biomedical equipment, oxygen concentrators, TV monitors, crates and a partial x-ray room. Id. at 40.  On June 7, 2007 while Plaintiff was in the process of removing some of

the equipment from the warehouse Plaintiff was approached by Mr. Sinclair regarding the ownership of a particular piece of property. Id. at 39-42. Mr. Sinclair claimed the property was his and threatened to call the police if Plaintiff removed it. Id. at 41-44. About ten minutes after Plaintiff's conversation with Mr. Sinclair, defendant Officer Hill arrived at the storage facility. Id. at 50.

Defendant Hill approached Plaintiff accompanied by Mr. Sinclair. Id. at 51. Defendant questioned Plaintiff regarding the disagreement of ownership of the specific piece of equipment in controversy. Id. at 53. Plaintiff responded by saying the property was not Mr. Sinclair's and that he possessed a document establishing ownership of the property in question. Id. at 53-56. Officer Hill then looked at the document and handed the document to Mr. Sinclair. Id. at 53-54. Mr. Sinclair then said he wanted to make a copy of the document. Id. at 54. In response to Mr. Sinclair's request to make a copy of the document Plaintiff, angry at the time, stepped toward Mr. Sinclair, reached over and attempted to grab the document from Mr. Sinclair's hand. Id. at 54-56.

As Plaintiff stepped forward and attempted to grab the document from Mr. Sinclair, defendant Hill believed Plaintiff was attempting to assault Mr. Sinclair and stepped between the two men. (Defs' Exh B, defendant's Owen Hill's depo 25-26 and 29). As Plaintiff continued to reach for the document and as Officer Hill moved forward he and Plaintiff collided causing Plaintiff to fall backward over items on the floor and onto the table covered in a tarp. (Hill depo 26-28 and 40). In an attempt to break the fall, Officer Hill's body ended up over Plaintiff. Id. while in this position, defendant Hill told Plaintiff he needed to calm down and that he was in control of the situation. (Hill depo 28). After about 45 seconds Plaintiff was on the phone

4

talking to his attorney.  (Defs' Exh A, Plaintiff's depo 62-63).  That was the only time there was any physical contact between Plaintiff and defendant Hill.  <u>Id</u>. at 62-65.

Hill's actions under these circumstances were objectively reasonable.  The situation was admittedly tense, uncertain and rapidly evolving.  From Hill's vantage point he was preventing a possible assault and battery upon Mr. Sinclair by Plaintiff.  Hill was forced to make a split-second decision to step between the two men and use the most minimum force necessary to regain control over the situation.  Unfortunately due to the fact Plaintiff had his belongings within the area, he and Hill fell over the objects possibly exacerbating the situation.  The bottom line is Hill did what he thought was reasonable at the time and under the circumstances confronting him.  He also acted well within his responsibility as an officer and used the most minimum force necessary.

**B**.     **Police officer Owen Hill is sued in his official capacity and entitled to Eleventh Amendment immunity.**

Section 1983 damage claim against defendant Hill acting in his official capacity is barred because in this capacity he is not a "persons" within the meaning of Section 1983.  See <u>Murphy v. State of Arkansas</u>, 127 F.3d 750, 754 (8th Cir. 1997) (citing <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 65 (1989)).

**C.     Qualified Immunity for Owen Hill**

Plaintiff brought this lawsuit against defendant Hill in "both his individual and official capacity."  However, Hill is entitled to qualified immunity.  The doctrine of qualified immunity shields government officials "from liability for civil damages insofar as their conduct does no violate clearly established statutory or constitutional rights of which a reasonable person would have known."  <u>Pearson v. Callahan</u>, 129 S.Ct. 808, 815 (2009).  The initial inquiry with regard

5

to qualified immunity is whether the facts, taken in the light most favorable to the party asserting the injury, show the officer's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 200 (2001). As set forth in Section I, A, above, the undisputed facts do not establish that defendant Hill violated Plaintiff's Fourth Amendment rights. If no constitutional right has been violated, there is no necessity for further inquiries concerning qualified immunity. Id.

If a violation could be made out on a favorable view of the parties' submissions, the next step is to ask whether the right was clearly established. This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition. Id.

Although Graham established the general proposition that use of force is contrary to the Fourth Amendment if it is excessive under objective standards of reasonableness, this is not enough. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. "The question is what the officer reasonably understood his powers and responsibilities to be, when he acted, under clearly established standards." Id.

Defendant Hill is entitled to qualified immunity. He was entitled to rely on the information from Mr. Sinclair because information provided by a victim is generally thought to be reliable. Clay v. Conlee, 815 F.2d 1164, (8th Cir. 1987). Hill knew he was responding to a disturbance call. Based on Mr. Sinclair's statement to him, an individual was inside the storage area being loud and throwing things. He had been asked to leave, but refused. Plaintiff then confirmed to Hill that he was upset over the ownership of a piece property in the storage area. As Hill tried to resolve the issue, Plaintiff stepped up to Mr. Sinclair in an angry manner and grabbed a piece of paper from him. It was reasonable under the circumstances for Hill to believe Plaintiff was the aggressor and was intending to cause an assault and battery upon Mr. Sinclair.

6

Under the situation at bar, there is no case law demonstrating a clearly established rule prohibiting Hill from stepping in between two individuals in an attempt to prevent an assault. Likewise, it was not constitutionally unreasonable for Hill to use physical force to restrain Plaintiff to gain control over a potentially violent situation.  No federal court has held that the Constitution forbids a police officer from using the level of force exerted by Hill in the circumstances that confronted him at that moment.   Defendant Hill reasonably believed Plaintiff posed a physical threat to Mr. Sinclair.

**II.   Count I and II:  State Law Claims of Assault and Battery Against Officer Hill**

Under 28 U.S.C. ' 1367(c)(3), this Court may decline to exercise supplemental jurisdiction over state claims if this Court has dismissed all claims over which it had original jurisdiction.  Prior to the adoption of this supplemental jurisdiction statute, in United Mine Workers v. Gibbs, the Supreme Court held that if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.  383 U.S. 715, 726 n. 59 (1966).  The Eleventh Amendment also does not permit federal courts to accept pendent jurisdiction of a state cause of action against a state agency or officer.  Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984); Rannels v. Hargrove, 731 F.Supp. 1214 (E.D.Pa. 1990); Hughes v. Savell, 902 F.2d 376 (5th Cir. 1990).  If this Court rules that Plaintiff does not state a violation of the Eighth Amendment and dismisses the federal section 1983 claim, then Plaintiff's remaining state claim should be dismissed as well.

If this Court takes pendent jurisdiction over this supplemental state law claim, this Court should apply the substantive law of Missouri, the forum state.  See Witzman v. Gross, 148 F.3d 988, 990 (8th Cir. 1998)(citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966)).

7

A.      **Official Immunity**

Defendant Hill is shielded from liability by the doctrine of official immunity.  Under the Missouri doctrine of official immunity, public employees are protected from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary act.  Southers v. City of Farmington, 263 S.W. 3d 603, 608 (Mo. 2008)(en banc)(discussing at length the doctrine of sovereign immunity, official immunity, and the public duty doctrine); Kanagawa v. State ex rel Freeman, 685 S.W.2d 831, 835 (Mo. 1985)(en banc).

Whether an act is discretionary depends on the degree of reason and judgment required to carry it out.  The court should consider "(1) the nature of the public employee's duties; (2) the extent to which the act involves policymaking or exercise of professional judgment; and (3) the consequences of not applying official immunity."  Southers, 263 S.W. 3d at 610.

A number of things require a police officer's professional expertise and judgment, including:

> Deciding whether to arrest or detain a person for driving while intoxicated, deciding how best to apprehend a gunman when surrounding the gunman's apartment, deciding whether to set up barricades or warning devices when investigating an accident, disciplining prisoners, executing a search warrant, deciding when to pursue and end pursuit of a fleeing vehicle, and pursing another vehicle.

King v. Vessell, 2008 WL 2559424, * 5 (E.D. Mo. June 23, 2008) (quoting Brown v. Tate, 888 S.W.2d 413, 415 (Mo. App. 1994)).   Defendant Hill's actions were discretionary and required the exercise of professional judgment that would be protected by the doctrine of official immunity.

The very purpose of official immunity is "to protect individual public officers who, despite imperfect information and limited resources must exercise discretion in performance of

8

their duties." Conway v. St. Louis County, 254 S.W.3d 159, 164 (Mo. Ct. App. 2008). Official immunity does not apply to discretionary acts done in bad faith or with malice. Blue v. Harrah's North Kansas City, LLC, 170 S.W.3d 466, 479 (Mo.Ct. app. 2005). Bad faith and malice, however, require the actual intent to injure. Id.

There is no evidence Hill's actions were done in bad faith or intended to injure. Officer Hill testified that he intervened in an attempt to prevent any further advance by Plaintiff upon Mr. Sinclair. (Def's Exh B depo 30). He admits that his hands were on Plaintiff's person in an attempt to keep them from both falling onto the debris and to regain their balance. (Def's Exh B depo 30-31). Plaintiff has presented no proof that Hill's conduct in using what he defines as force was done in bad faith or with malice and thus Hill is entitle to official immunity.

### B.     Public Duty Doctrine

Additionally the public duty doctrine states that public employees are not civilly liable for the breach of a duty owed to the general public, as distinguished from a duty owed to a particular individual. Southers, 263 S.W.3d at 611. "The kind of duty owed to the public at large rather that the individual injures, is the kind that requires the public official to use his professional expertise, training, and judgment: it is not sufficient that the public official be action within the scope of his employment." Id. (quoting Davis-Bey v. Missouri Dept. of Correc., 944 S.W.2d 294, 298 (Mo. Ct. App 1997). The record does not support a claim that defendants acted "in bad faith or with malice."

### Conclusion

In light of the foregoing, Defendant respectfully requests this Court enter summary judgment in his favor and grant such other relief as this Court deems just and proper.

9

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

*/s/Dana Walker Tucker*
Dana Walker Tucker
Assistant Attorney General
P.O. Box 861
St. Louis, MO 63101
(314) 340-7652 telephone
(314) 340-7029 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December, 2010, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to:

Mr. Anthony Pezzani
Engelmeyer & Pezzani, L.L.C.
13321 North Outer Forty Road, Suite 300
Chesterfield, MO 63017
(636) 532-9933 (telephone)
(314) 863-7793 (facsimile)
*Attorneys for Plaintiff*

*s/Dana Walker Tucker*
Assistant Attorney General