UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS GOHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV0769 JCH |
| ) | |
| OWEN HILL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion for Summary Judgment (Doc. No. 33). This matter has been fully briefed and is ready for disposition.

## BACKGROUND

Plaintiff Thomas Gohn ("Plaintiff" or "Gohn") rented storage space from Bob Sinclair ("Sinclair"). (Defendant's Memorandum in Support of Motion for Summary Judgment ("Memorandum"), Doc. No. 34, p. 3). On June 7, 2007, Plaintiff and Sinclair got into a dispute regarding the ownership of an item Plaintiff was attempting to remove from the storage unit. (Id., pp. 3-4). Officer Owen Hill responded to a call for assistance. (Id., p. 4).

Upon questioning regarding the ownership of the property, Plaintiff produced a document which he claimed proved its ownership. (Id.). Officer Hill reviewed the document and gave it to Sinclair. (Id.). When Sinclair stated that he wanted to make a copy of the document, Plaintiff attempted to retrieve the document from Sinclair's hands. (Id.).

Officer Hill claims that he thought Plaintiff was attempting to assault Sinclair so he stepped between the men. (Id., pp. 4-5). Officer Hill states that, when he intervened, he and Plaintiff collided causing Plaintiff to fall backward over items on the floor and onto a table covered in tarp. Officer

Hill claims that, as he was trying to break his fall, he accidentally ended up above Plaintiff. Officer Hill told Plaintiff he needed to calm down and that the situation was under control.[1] (Id.).

Plaintiff and his witness, Otis Phillips, testified that it did not appear that Gohn was attacking Sinclair. (Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment ("Response"), Doc. No. 35, pp. 4-6). Instead, they claim that Officer Hill grabbed Gohn by the throat, pushed him to the ground and choked him for between 45 seconds and 2 minutes. (Id.). They assert that Officer Hill attacked Gohn without any provocation or justification. (Id.).

No one was arrested and Officer Hill did not write a police report as a result of the June 7, 2007 incident. (Id., p. 6).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. Id. Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex Corp., 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact,

---

[1] In his Statement of Uncontroverted Material Facts, Officer Hill references only his version of his physical contact with Plaintiff on June 7, 2007. (Doc. No. 34-1).

- 2 -

not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 248. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 258. "[A] properly supported motion for summary judgment is not defeated by self-serving affidavits." Conolly v. Clark, 457 F.3d 872, 876 (8th Cir. 2006) (citing Davidson & Assocs. v. Jung, 422 F.3d 630, 638 (8th Cir. 2005)).

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. Celotex Corp., 477 U.S. at 331, n.2. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249.

## DISCUSSION

### I. COUNT III – 42 U.S.C. §1983

#### A. Excessive Use of Force

In Count III of Plaintiff's First Amended Petition for Damages ("Petition" or "Pet"), Plaintiff alleges that Officer Hill used excessive force in response to Plaintiff's alleged offense. (Pet., Doc. No. 22, ¶24). Plaintiff alleges that Officer Hill committed an assault and battery on Plaintiff even though "at no time during the assault and battery did Plaintiff in any way whatsoever resist the orders of or pose a threat to the safety of the Defendant or any other person[.]" (Pet., ¶ 22).

In contrast, Officer Hill claims that he only came in contact with Gohn when he stepped in between Gohn and Sinclair and inadvertently landed on Gohn when trying to break his fall. (Memorandum, pp. 4-5). Officer Hill states that his actions were objectively reasonable because he believed he was preventing a possible assault and battery upon Sinclair by Plaintiff. (Id., p. 5).

In an excessive use of force claim, "[t]he dispositive question is whether the amount of force the officer used was objectively reasonable." Shannon v. Koehler, 616 F.3d 855, 862 (8th Cir. 2010)

(citing Graham v. Connor, 490 U.S. 386, 396-97, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)). "In turn, the reasonableness of a particular use of force depends on the circumstances of each case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Shannon, 616 F.3d at 862 (internal citations omitted).

The parties dispute regarding whether Officer Hill accidentally fell on Plaintiff or whether he purposefully and unjustifiably choked Plaintiff. As discussed above, Plaintiff has provided sworn testimony that Officer Hill choked Plaintiff after Plaintiff attempted to retrieve a document. (Response, pp. 4-5). Plaintiff and Officer Hill both testified that Plaintiff was not utilizing profanity and did not seem overly upset. (Id., p. 4). According to Plaintiff's version of events, there is no evidence that Plaintiff was suspected of a crime and little or no evidence that Plaintiff posed a threat to Sinclair or any others. (Id., pp. 4-5).

Thus, there exists an issue of material fact regarding whether Hill used excessive force, which precludes summary judgment. Assuming for purposes of summary judgment that Plaintiff's version is true, the Court finds that Officer Hill's use of force was not reasonable. Shannon, 616 F.3d at 863 (citing Brown v. City of Golden Valley, 574 F.3d 491, 499 (8th Cir. 2009); Bauer v. Norris, 713 F.2d 408, 412 (8th Cir. 1983); Feemster v. Dehntjer, 661 F.2d 87, 89 (8th Cir. 1981); Agee v. Hickman, 490 F.2d 210, 212 (8th Cir. 1974)). Plaintiff alleges that Officer Hill violently and purposefully choked Plaintiff without any provocation or cause. Officer Hill's alleged assault and battery of Plaintiff is particularly unreasonable given that Officer Hill did not arrest Plaintiff or write a report regarding the incident. Accordingly, the Court denies summary judgment on the excessive force claim because there exists a dispute regarding the material facts as to whether Officer Hill's actions

were objectively reasonable. Officer Gohn is not entitled to summary judgment on the merits of his 42 U.S.C. § 1983 claim.

### B. Eleventh Amendment Immunity

Officer Hill also asserts that Plaintiff's claim fails because he sued Officer Hill in his official capacity. Lawsuits against government officials in their official capacities are barred by the Eleventh Amendment. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (lawsuits against state employees in their "official" capacity are barred under the Eleventh Amendment because officials acting in their official capacities are not "persons" under § 1983). Officer Hill claims that Plaintiff's allegation against him in his "individual and official capacities" is insufficient. (Defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment ("Reply"), Doc. No. 36, pp. 3-4; Pet., ¶2). Officer Hill cites Andrus by & Through Andrus v. Arkansas, 197 F.3d 953 (8th Cir. 1999) in support of his claim that an action "against Defendant in his individual and official capacities is not sufficient to sue defendant in his individual capacity for monetary damages." (Reply, p. 4). In that case, the Court states that "if a complaint is silent, or only hints at the capacity in which a state officer is sued for monetary damages, the complaint should be interpreted as an official-capacity claim." Andrus by & Through Andrus, 197 F.3d at 955.

Here, however, Plaintiff specifically alleges that Officer Hill acted in his individual capacity. (Pet., ¶2). From this pleading, Officer Hill should have been on notice that Plaintiff was suing him in his official and individual capacities.[2] Plaintiff's allegation of individual capacity is sufficient to state a claim under 42 U.S.C. §1983 and is not barred by Eleventh Amendment immunity. See Andrus by & Through Andrus, 197 F.3d at 955 ("In actions against officers, specific pleading of individual capacity is required to put public officials on notice that they will be exposed to personal liability.");

---

[2] To the extent that Plaintiff brings this claim against Officer Hill in his official capacity, it is barred by the Eleventh Amendment.

see also Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989) (quoting Rollins by Agosta v. Farmer, 731 F.2d 533, 536 n. 3 (8th Cir. 1984) ("we have repeatedly stated that section 1983 litigants wishing to sue government agents in both capacities should simply use the following language: 'Plaintiff sues each and all defendants in both their individual and official capacities.'"). Officer Gohn is not entitled to summary judgment based upon Eleventh Amendment immunity.

      **C.**      **Qualified Immunity**

Officer Hill asserts that Plaintiff's 42 U.S.C. § 1983 claim is barred by qualified immunity. (Memorandum, pp. 5-7). "Qualified immunity shields government officials from liability in a § 1983 action unless the official's conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known." Brown, 574 F.3d at 495 (citing Hope v. Pelzer, 536 U.S. 730, 739, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002)); Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982); Henderson v. Munn, 439 F.3d 497, 501 (8th Cir. 2006)). To overcome a defendant's qualified immunity claims, the plaintiff must show that: "'(1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional . . . right; and (2) the right was clearly established at the time of the deprivation.'" Baribeau v. City of Minneapolis, 596 F.3d 465, 474 (8th Cir. 2010)(quoting Howard v. Kansas City Police Dep't, 570 F.3d 984, 988 (8th Cir. 2009)). "The law is clearly established if it gives the defendant officials 'fair warning' that their conduct violated an individual's rights when the officials acted." Forrester v. Bass, 397 F.3d 1047, 1054 (8th Cir. 2005) (citing Hope, 536 U.S. at 739-40, 153 L. Ed. 2d 666, 122 S. Ct. 2508 (2002));  see also Anderson v. Creighton, 483 U.S. 635, 640 (1987) (A right is "clearly established" if "a reasonable official would understand that what he is doing violates that right."). If a state official violates a clearly established constitutional right, he is not entitled to qualified immunity. Harlow, 457 U.S. at 818-19.

Here, the right to be free from excessive force is clearly established under the Fourth Amendment's prohibition against unreasonable searches and seizures. Shannon, 616 F.3d at 864; Brown, 574 F.3d at 499; Graham, 490 U.S. at 396. A reasonable official standing in Officer Hill's shoes would have understood that the amount of force he allegedly used (choking, pushing) was excessive. Plaintiff's allegations are so egregious that, if true, Officer Hill deprived Plaintiff of his constitutional rights under the Fourth Amendment. As a result, Officer Gohn is not entitled to qualified immunity or to summary judgment on Plaintiff's 42 U.S.C. §1983 claim.

## II.     Count I and II: State Law Claims of Assault and Battery Against Officer Hill

### A.     Official Immunity

"Under Missouri law, the doctrine of official immunity protects public officials from civil liability for injuries arising out of their discretionary acts or omissions performed in the exercise of their official duties." McLean v. Gordon, 548 F.3d 613, 617 (8th Cir. 2008). "Official immunity does not, however, shield officials for liability arising from their negligent performance of ministerial acts or functions." Id. (citing James ex rel. James v. Friend, 458 F.3d 726, 731 (8th Cir. 2006)). Discretionary acts require "the exercise of reason in the adaption of means to an end and discretion in determining how or whether an act should be done or pursued." Rustici v. Weidemeyer, 673 S.W.2d 762, 769 (Mo. 1984)(quoting Jackson v. Wilson, 581 S.W.3d 39, 43 (Mo. Ct. App. 1979)). A ministerial act is one "of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed." Id. The analysis of the act in question "must be determined by the facts of each particular case after weighing such factors as the nature of the official's duties, the extent to which the acts involve policymaking or the exercise of professional expertise and judgment, and the likely consequences of withholding

immunity." Kanagawa v. State, 685 S.W.2d 831, 836 (Mo. 1985). "However, 'official immunity does not apply to discretionary acts done in bad faith or with malice.'" Scherrer v. City of Bella Villa, No. 4:07-CV-306, 2009 U.S. Dist. LEXIS 13489, at *17 (E.D. Mo. Feb. 20, 2009) (citing Blue v. Harrah's North Kansas City, 170 S.W.3d 466, 479 (Mo. Ct. App. 2005)).

Initially Officer Hill assumes that his actions on June 7, 2007 were discretionary. (Memorandum, p. 8; Reply, p. 5). Plaintiff argues that there is a "factual dispute" regarding whether Defendant's conduct was discretionary. (Response, p. 11). Plaintiff asserts that Officer Hill has not provided the Court with any facts or allegation to support the conclusion that his acts were discretionary. (Id.).[3] Because the issue of whether Officer Hill acted with malice is dispositive of this issue, the Court assumes, without deciding, that Officer Hill's actions were discretionary for purposes of this Motion.

Here, Plaintiff has alleged that Officer Hill committed intentional torts--assault and battery, --while responding to a dispute. Plaintiff alleges that Officer Hill choked and restrained him without any reason or provocation. "These allegations encompass a conscious abuse of official duty and power which could fall within the scope of malice or bad faith." Miller v. Albright, No. 4:07-CV-1086, 2009 U.S. Dist. LEXIS 112838, at *23-24 (E.D. Mo. Dec. 3, 2009). Under these circumstances, whether official immunity applies is a question of fact that must be considered by the jury. Id. (denying summary judgment where plaintiff alleged that officers committed assault and battery, false arrest and imprisonment, invasion of privacy, malicious prosecution, and trespass, and created an issue of fact regarding whether the officers were entitled to official immunity); Blue, 170 S.W.3d at 479 (summary judgment inappropriate where facts created a genuine dispute about whether officer acted in bad faith or with malice in making arrest, thereby precluding him from

---

[3] In Officer Hill's Reply, he first presented some facts to support his claim that his actions were discretionary.

claiming official immunity, and issue was for jury).  The Court finds that Officer Hill is not entitled to official immunity as a matter of law.  Officer Hill's motion for summary judgment on Plaintiff's assault and battery claims in Counts I and II is denied.

### B. Public Duty Doctrine

"Under the public duty doctrine, 'a public employee is not liable to an individual for injuries resulting from a breach of duty the employee owes only to the general public.'" Teague v. St. Charles County, 708 F. Supp. 2d 935, 940 (E.D. Mo. 2010) (quoting Gregg v. City of Kansas City, 272 S.W.3d 353, 362 (Mo. Ct. App. 2008)).

> A duty is owed to particular individuals for "the performance of ministerial duties in which a private individual has a special, direct, and distinctive interest." Such an interest exists when injury to a particular, identifiable individual is reasonably foreseeable as a result of an official's breach of duty. Whether an individual has such a private interest depends on the facts of each case, not on broad pronouncements about the usual status of relevant functions. Finally, it cannot be assumed that a duty is private simply because it is ministerial.

Jungerman v. City of Raytown, 925 S.W.2d 202, 205 (Mo. 1996) (internal citations omitted).

Officer Hill claims that he is entitled to summary judgment on Plaintiff's state law claims based upon the public duty doctrine.  Officer Hill summarily states that he is entitled to immunity under the public duty doctrine because "[t]he record does not support a claim that defendants acted 'in bad faith or with malice.'" (Memorandum, p. 9).

As discussed above, Plaintiff's allegations that Officer Hill committed assault and battery without provocation or rationale are sufficient to establish bad faith and malice.  Officer Hill has failed to demonstrate that he is entitled to immunity under the public duty doctrine as a matter of law.  The Court denies Officer Hill's motion for summary judgment on Plaintiff's state law claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. No. 33) is **DENIED**.

Dated this 28th day of January, 2011.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE