UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS GOHN, ) | |
| ) | |
| Plaintiff, ) | Cause No: 4:09CV769(JCH) |
| ) | |
| v. ) | |
| ) | |
| OWEN HILL, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S TRIAL BRIEF

COMES NOW Plaintiff Thomas Gohn ("Plaintiff"), by and through undersigned counsel, and submits the following as Plaintiff's Trial Brief:

Plaintiff asserts claims for use of unreasonable force under Section 1983 and for state law claims of assault and battery against Defendant Owen Hill ("Defendant"). Plaintiff seeks compensatory and punitive damages, and, if he prevails on his federal claim, attorney's fees under 42 U.S.C. § 1988.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. Kelly v. City of St. Paul, 2010 WL 4272460, *6 (D. Minn. October 18, 2010). Excessive force claims arise under the Fourth Amendment, which clearly establishes a right to be free from excessive force. Id. at *5, 6. The force is excessive when the officer's actions are not objectively reasonable in light of the facts and circumstances confronting them. Id. at 6.

Plaintiff's state law claims for assault and battery involve a similar analysis as that of Plaintiff's Section 1983 claim in that Plaintiff alleges that not only did the Defendant touch him in an offensive manner, but also that the Defendant used more force than was reasonably necessary. *See* Neal v. Helbling, 726 S.W.2d 483 (Mo. App. E.D. 1987)

The factual issue involved in this matter is what actually happened on June 7, 2007 between Plaintiff Thomas Gohn and Defendant Owen Hill. Plaintiff alleges that the Defendant physically grabbed him by the throat, took him to the ground, and held him down on the ground while shouting at him. Defendant suggests that he only came into contact with the Plaintiff when he stepped in between the Plaintiff and Mr. Sinclair and accidentally lost his balance.

As a result, it is up to a jury to decide what force was used and whether such force was reasonable. Since it is ultimately up to the jury to decide these issues based upon the credibility of the witnesses and the evidence submitted by the parties, Plaintiff does not anticipate any substantive or procedural problems.

**Respectfully submitted,**

**ENGELMEYER & PEZZANI, LLC**

By: /s/ Anthony M. Pezzani
Anthony M. Pezzani, #52900MO
*tony@epfirm.com*
13321 N. Outer Forty Road, Suite 300
Chesterfield, MO 63017
(636) 532-9933 Phone
(314) 863-7793 Facsimile
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

    The undersigned counsel hereby certifies that on this 14th day of February, 2011, the foregoing was served electronically upon the following attorney of record:

Ms. Dana Tucker
Assistant Attorney General
P.O. Box 861
St. Louis, MO 63188.

                                                 /s/ Anthony M. Pezzani