**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS GOHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 4:09-cv-00769 JCH |
| OWEN HILL, | ) | |
| | ) | |
| Defendant | ) | |

## DEFENDANT OWEN HILL'S TRIAL BRIEF

Defendant Owen Hill submits the following brief outlining the facts and points of law

that entitle him to judgment in his favor.

## STATEMENT OF ISSUES

This is an action brought under 42 U.S.C. § 1983 and state law seeking monetary relief

for alleged violation of plaintiff Thomas Gohn's rights under the Fourth, Eighth, and Fourteenth

Amendments to the United States Constitution.  The Amended Complaint also asserts state law

claims of assault and battery against defendant Police Officer Owen Hill ("Hill").

## EVIDENCE AT TRIAL

The evidence will show that on June 7, 2007, Plaintiff was renting storage space in a

warehouse owned by Bob Sinclair located at 4201 Geraldine.  Plaintiff's space housed numerous

pieces of medical equipment, a saw table covered by a tarp, half dozen skids, biomedical

equipment, oxygen concentrators, TV monitors, crates and a partial x-ray room.  On June 7, 2007

while Plaintiff was in the process of removing some of the equipment from the warehouse

Plaintiff was approached by Mr. Sinclair regarding the ownership of a particular piece of

property.  Mr. Sinclair claimed the property was his and called the police because Plaintiff

threatened to remove it.  About ten minutes after Plaintiff's conversation with Mr. Sinclair, defendant Officer Hill arrived at the storage facility.

Defendant Hill approached Plaintiff accompanied by Mr. Sinclair.  Defendant questioned Plaintiff regarding the disagreement of ownership of the specific piece of equipment in controversy.  Plaintiff responded by saying the property was not Mr. Sinclair's and that he possessed a document establishing ownership of the property in question.  Officer Hill then looked at the document and handed the document to Mr. Sinclair.  Mr. Sinclair then said he wanted to make a copy of the document.  In response to Mr. Sinclair's request to make a copy of the document Plaintiff, angry at the time, stepped toward Mr. Sinclair, reached over and attempted to grab the document from Mr. Sinclair's hand.

As Plaintiff stepped forward and attempted to grab the document from Mr. Sinclair, defendant Hill believed Plaintiff was attempting to assault Mr. Sinclair and stepped between the two men.  As Plaintiff continued to reach for the document and as Officer Hill moved forward he and Plaintiff collided causing Plaintiff to fall backward over items on the floor and onto the table covered in a tarp.  In an attempt to break the fall, Officer Hill's body ended up over Plaintiff. While in this position, defendant Hill told Plaintiff he needed to calm down and that he was in control of the situation.  After about 45 seconds Plaintiff was on the phone talking to his attorney.  That was the only time there was any physical contact between Plaintiff and defendant Hill.

The evidence will go on to show Hill's actions under these circumstances were objectively reasonable.  The situation was admittedly tense, uncertain and rapidly evolving. From Hill's vantage point he was preventing a possible assault and battery upon Mr. Sinclair by Plaintiff.  Hill was forced to make a split-second decision to step between the two men and use

2

the most minimum force necessary to regain control over the situation.  Unfortunately due to the

fact Plaintiff had his belongings within the area, he and Hill fell over the objects possibly

exacerbating the situation.

**STATEMENT OF LAW**

 "[C]laims that law enforcement officers have used excessive force –deadly or not—in the course

of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the

Fourth Amendment and its 'reasonableness' standard."  Graham v. Conner, 490 U.S. 386, 395

(1989)(emphasis in original); Brown v. City of Golden Valley, 574 F.3d. 491, 496 (8th Cir.

2009).  In order to establish a Section 1983 constitutional violation under the Fourth

Amendment's right to be free from excessive force, "the test is whether the amount of force was

objectively reasonable under the particular circumstances."  Id. at 496.  The reasonableness

standard is "viewed from the vantage point of the police officer[s] at the time of arrest or

seizure."  Gill v. Maciejewski, 546 F.3d 557, 562 (8th Cir. 2008)(citing Wertish v. Krueger, 433

F.3d 1062, 1066 (8th Cir. 2006)).  "This calculus allows 'for the fact that police officers are often

forced to make split-second decisions – in circumstances that are tense, uncertain, and rapidly

evolving --- about the amount of force that is necessary in a particular situation."  Brown, 574

F.3d at 496 (quoting Graham v. Connor, 490 U.S. 386, 397 (1989)).  Police officers "are not

liable for bad guesses in gray areas; they are liable for transgressing bright lines."  Davis v. Hall,

375 F.3d 703, 712 (8th Cir. 2004).  Such bright lines did not exist under these circumstances

even as alleged by plaintiff.

Moreover, use of *de minimis* force that results only in superficial injuries does not give

rise to any claim under the Fourth Amendment. Wertish v. Krueger, 433 F.3d 1062, 1067 (8th

Cir. 2006) (*de minimis* force resulting in only "relatively minor scrapes and bruises" and "the less-than-permanent" aggravation of a prior shoulder condition did not violate the Constitution). Defendants anticipate that the evidence, summarized above, will demonstrate that Officer Hill's use of force was reasonably necessary to maintain control and that the amount of force he applied was *de minimis*, resulting in only minor scrapes and bruises.

**SUBSTANTIVE AND PROCEDURAL ISSUES**

Defendant does not anticipate any unusual substantive or procedural issues.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

*/s/Dana Walker Tucker*
Dana Walker Tucker
Assistant Attorney General
P.O. Box 861
St. Louis, MO 63101
(314) 340-7652 telephone
(314) 340-7029 facsimile

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February, 2011the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to:

Mr. Anthony Pezzani
Engelmeyer & Pezzani, L.L.C.
13321 North Outer Forty Road, Suite 300
Chesterfield, MO 63017
(636) 532-9933 (telephone)
(314) 863-7793 (facsimile)
*Attorneys for Plaintiff*


*s/Dana Walker Tucker*
 Assistant Attorney General