UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS GOHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV0769 JCH |
| | ) | |
| OWEN HILL, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees and Expenses (Doc. No. 74) and Bill of Costs (Doc. No. 73). These matters have been fully briefed and are ready for disposition.

## **BACKGROUND**

Plaintiff Thomas Gohn filed a First Amended Complaint ("Complaint" or "Compl.") against Police Officer Owen Hill in this matter on November 10, 2010. (Doc. No. 30). The Complaint consisted of three Counts, Assault (Count I), Battery (Count II) and Excessive Use of Force under 42 U.S.C. §1983 (Count III). This Court denied Defendant's motion for summary judgment. (Doc. No. 37). Before trial, Plaintiff dismissed his assault claim. After the close of evidence, the Court refused to submit Plaintiff's request for punitive damages to the jury. (Doc. No. 63). The jury reached a verdict in favor of Officer Hill on the assault claim, but found in favor of Plaintiff on the excessive use of force claim. (Doc. No. 67). Although Plaintiff sought compensatory damages, the jury only awarded Plaintiff $1.00 in nominal damages. (Id.). In the instant motion, Plaintiff requests attorney's fees in the amount of $59,204.50 and costs in the amount of $967.56.

## LEGAL STANDARD

"Litigants may recover attorneys' fees if specifically authorized by contract or statute." Van Vosdingh v. Qwest Dex, Inc., No. 03-4284, 2005 U.S. Dist. LEXIS 20519, at *4 (D. Minn. Sept. 19, 2005) (internal citation omitted). Pursuant to 42 U.S.C. § 1988(b), a district court may award attorneys' fees to a prevailing party in a lawsuit brought to enforce 42 U.S.C. § 1983. Fisher v. Wal-Mart Stores, Inc., 619 F.3d 811, 818 (8th Cir. 2010). "Congress enacted § 1988 to encourage enforcement of civil rights laws, like § 1983, through lawsuits by private parties." El-Tabech v. Clarke, 616 F.3d 834, 839 (8th Cir. 2010) (citing Missouri v. Jenkins, 491 U.S. 274, 283 n.6, 109 S. Ct. 2463, 105 L. Ed. 2d 229 (1989)). The party seeking attorneys' fees "'bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'" El-Tabech, 616 F.3d at 842 (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).

A district court has "broad discretion" in determining the amount of an attorneys' fee award. Keslar v. Bartu, 201 F.3d 1016, 1017 (8th Cir. 2000). The trial court is considered an expert in the reasonableness of attorneys' fees. Trim Fit, LLC v. Dickey, No. 4:06-CV-49, 2008 U.S. Dist. LEXIS 101091, at *19 (E.D. Mo. Nov. 6, 2008); American Bank of Princeton v. Stiles, 731 S.W.2d 332, 339 (Mo. Ct. App. 1987).

## DISCUSSION

### I.   ATTORNEY'S FEES

A.   Prevailing Party/Degree of Success

Initially, the Court notes that each party was successful on one of Plaintiff's two claims submitted to the jury. The jury found in favor of Plaintiff on his claim that Officer Hill used excessive force. Plaintiff asked for the jury "to award him tens of thousands of dollars in compensatory damages" (Defendant's Memorandum in Opposition to Plaintiff's Motion for Attorney's Fees and

Costs ("Response"), Doc. No. 76, p. 6), including some medical bills. The jury, however, awarded Plaintiff only one dollar ($1.00) in nominal damages. The jury also found in favor of Defendant on Plaintiff's battery claim.[1]

Thus, Plaintiff, arguably, was the prevailing party with respect to the excessive use of force claim. The Court evaluates Plaintiff's success on his excessive force claim as part of its attorney's fee award determination. "In evaluating the reasonableness of the attorneys' fees, the most important factor is the magnitude of Plaintiffs' success in the case as a whole." Vosdingh v. Qwest Dex, Inc., No. 03-4284, 2005 U.S. Dist. LEXIS 20519, at *7 (D. Minn. Sept. 19, 2005) (citing Hensley, 461 U.S. at 436). The Court, however, notes that "a plaintiff's success in a civil rights case can be measured only in part by monetary success. As such, dramatic reductions in fee awards are not always required simply because the actual damage award is small or nominal." Lash v. Hollis, 525 F.3d 636, 642-643 (8th Cir. 2008).

Nonetheless, the Court cannot ignore that the jury found in favor of Defendant on the battery claim and the jury did not award any compensatory damages, even though Plaintiff sought tens of thousands in damages and presented unrefuted testimony regarding his medical expenses. Burks, 215 F.3d at 882-83 ("'Although the "technical" nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded [in that it affects the "degree of success" inquiry].'" (quoting Farrar v. Hobby, 506 U.S. 103, 114, 113 S. Ct.

---

[1] The parties, however, do not seem to dispute that the excessive force claim (on which Plaintiff prevailed) and the battery claim (on which Defendant prevailed) were interrelated as to preclude a reduction in fees on that basis. See Hensley, 461 U.S. at 435 (where the plaintiff's various claims involve a common core of facts or related legal issues, such that much of the attorney's time is devoted generally to the litigation as a whole, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation."); Burks v. Siemens Energy & Automation, Inc., 215 F.3d 880, 883 (8th Cir. 2000) (in determining a fee award, the trial court must consider the interrelatedness of the various claims where some claims were successful and some were not).

566, 121 L. Ed. 2d 494 (1992))). Plaintiff's counsel clearly had mixed results, even on the excessive force claim. Plaintiff's counsel successfully obtained a jury verdict but was awarded only nominal damages. Plaintiff requested compensatory damages, including medical bills, but the jury declined to award those damages. Thus, even though the jury found in favor of Plaintiff, the jury refused to award anywhere near complete relief to Plaintiff on his excessive use of force claim.

Given the circumstances outlined herein, the Court finds that a twenty-five (25) percent reduction in Plaintiff's fee proposal is appropriate. See Hensley, 461 U.S. at 436-37(upon finding a reduction for hours related to pursuing unsuccessful claims is warranted, the court "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success[, and] the court necessarily has discretion in making this equitable judgment"); Burks, 215 F.3d at 883 (an attorneys' fee award of 25% of that which was requested was reasonable given the "relative interrelatedness of the various claims, the lack of specificity in the billing statements, and the degree of success achieved on the claims on which [plaintiffs] prevailed"); Schwarz v. Sec'y of Health & Human Servs., 73 F.3d 895, 905 (9th Cir. 1995) ("a district court does not abuse its discretion when it resorts to a mathematical formula, even a crude one, to reduce the fee award to account for limited success")(applying Hensley, 461 U.S. at 440).

B. Lodestar Analysis

The lodestar analysis is determined "by multiplying the number of hours reasonably spent on the case by a reasonable hourly rate." Keslar v. Bartu, 201 F.3d 1016, 1017-1018 (8th Cir. 2000) (citing Hensley, 461 U.S. at 433); Forshee v. Waterloo Indus., 178 F.3d 527, 532 (8th Cir. 1999). The district court may, in its discretion, exclude hours not reasonably spent on the case from the lodestar calculation. Keslar, 201 F.3d at 1018.

1. Hourly Rate

The lodestar approach for an attorneys' fee award utilizes a "reasonable hourly rate" multiplied by the number of hours reasonably spent on the litigation. Hensley, 461 U.S. at 434. Plaintiff requests the rate of $275.00/hour, for his counsel, Anthony M. Pezzani of the firm Engelmeyer & Pezzani, LLC. Plaintiff's counsel has received $300/hour in other litigation. (Plaintiff's Memorandum in Support of Motion for Attorneys' Fees and Expenses ("Memorandum"), Doc. No. 75, p. 5). Plaintiff's counsel also provides affidavits of several, prominent attorneys stating that the hourly rate requested by Plaintiff's counsel is fair and reasonable and reflects the prevailing market rates in St. Louis, particularly for civil rights cases. (Id.; Affidavit of Daniel J. McMichael, Doc. No. 75-4; Affidavit of Kevin C. Roberts, Doc. No. 75-5; Affidavit of Stephen M. Ryals, Doc. No. 75-6).[2] Plaintiff also cites to recent attorneys' fees awards in similar cases where hourly rates in excess of $275/hour were approved. (Memorandum, p. 6).

Plaintiff's counsel also notes that his paralegal, Ms. Martha S. Peters, normally charges $110.00. Plaintiff's counsel, however, asks for a reduced rate of $90.00/hour, which this Court has approved of in other cases. (Memorandum, p. 7 (citing Herndon v. Wm. A. Straub, Inc., 17 F. Supp. 2d 1056, 1066 (E.D. Mo. 1998)).

Defendant asserts that Mr. Pezzani's hourly rate is too high. Defendant notes that the "staff report" from the Missouri Lawyer's Weekly about billing rates is illegible and that the rest of the article does not relate to civil rights attorneys. (Response, p. 10). Defendant, however, does not dispute the affidavits by other members of the plaintiff personal injury bar, who attest that $275/hour is a reasonable, prevailing rate. (Id.).

---

[2]In addition, Plaintiff also provides a March 14, 2010 Missouri Lawyers Weekly article that regarding average billing rates. (Doc. No. 75-7). This article, however, does not appear to enumerate the prevailing market rate for civil rights attorneys in St. Louis.

Instead, Plaintiff claims that a more appropriate rate should be $125/hour for Mr. Pezzani and $75/hour for Ms. Peters, the rates allowed in Lash v. Hollis, 2007 U.S. Dist. LEXIS 58851 (E.D. Mo. Aug. 10, 2007); aff'd, in part, 525 F.3d 636 (8th Cir. 2008). That case, however, was more than 4 years ago. Plaintiff's primary counsel, Mr. Phillips, was only a few years out of law school, and supported his attorneys' fees request with only a newspaper article reporting the granting of an hourly fee of $ 400.00 to a St. Louis attorney with over thirty years experience. Lash, 2007 U.S. Dist. LEXIS 58851, at *13-14. The Court is not persuaded that the rates utilized in Lash should be applied in this case. The Court finds that the rates requested by Mr. Pezzani and his paralegal are appropriate.

2. Number of Hours

a. Ms. Peters

Defendant also claims that Plaintiff seeks reimbursement for paralegal work that was often "purely clerical." (Response, p. 10); see also Helenthal v. Polk, 4:08-CV-1791, 2011 U.S. Dist. LEXIS 13950, at *2 (E.D. Mo. Feb. 10, 2011)("the Court has disallowed fees for clerical or secretarial tasks"). The time entries for Ms. Peters reflect that she requested medical records and bills, prepared a draft of the petition, prepared deposition notices and subpoenas, prepared notice of hearing, drafted first amended petition, prepared mediation case submission, worked on Plaintiff's answers to interrogatories, prepared pretrial compliance,

Several entries, however, appear to be clerical in nature. Ms. Peters also drafted a letter to a witness forwarding an affidavit (.4), arranged the mediation (.3), and arranged transportation to

and from trial for witness Otis Phillips (.5). The Court will deduct 1.2 hours of Ms. Peters' time for work she prepared of a clerical nature; the Court will award Plaintiff Ms. Peters' fees for 11.6 hours.[3]

b.  Mr. Pezzani

In addition, Defendant argues that Mr. Pezzani's hours spent studying the defenses of "qualified immunity, the public duty doctrine and official immunity" should be reduced because he was "'lead counsel in a similar case against police officers from the City of St. Louis for excessive force.'" (Response, p. 9 (quoting Memorandum, p. 2)). Defendant cites to Lingo v. Burle, 4:06cv1392, Doc. No. 84 as evidence that Mr. Pezzani had researched these issues before. (Response, p. 10).

The Court does not find that Plaintiff's counsel's prior experience in a civil rights case to be a basis for reducing his hours. Absent some more compelling evidence, the Court will not second guess Plaintiff's counsel's need to research (or update his research) regarding these aspects of federal law. The hours that Mr. Pezzani spent researching these issues seems reasonable to the Court, particularly when the evidence before the Court is that he last researched these issues in April 2008. See Lingo v. Burle, 4:06cv1392, Doc. No. 84.

C.  Conclusion

The Court finds that Plaintiff's counsel is entitled to an attorney's fee award for 211.10 hours of Mr. Pezzani's time and 11.6 hours of Ms. Peters' time, subject to a twenty-five percent deduction due to Plaintiff's limited success on the excessive use of force claim. The Court finds that Mr. Pezzani's rate of $275/hour and Ms. Peters' rate of $90/hour are reasonable. Prior to the twenty-five percent deduction, the fee award for Mr. Pezzani would be $58,052.50, and the fee award for Ms.

---

[3]The Court makes this deduction in the number of hours prior to making the twenty-five percent deduction.

Peters would be $1,044.00 for a total of $59,096.50. After applying the twenty-five percent deduction, the Court awards Plaintiff's counsel $44,322.38 in fees.

**II. COSTS**

"[T]he district court has substantial discretion in awarding costs to a prevailing party." Greaser v. Department of Corrections, 145 F.3d 979, 985 (8th Cir. 1998). "Reasons for reducing or denying an award of costs include a nominal victory by the prevailing party, and a disproportionate relationship between the taxable costs of the litigation and the result achieved." Hall v. Hormel Foods Corp., No. 8:98CV304, 2000 U.S. Dist. LEXIS 22935, at *2-3 (D. Neb. July 10, 2000).

As discussed in the prior section, this Court will exercise its discretion and reduce Plaintiff's costs recovery by twenty-five percent. Accordingly, Plaintiff is awarded $725.67 in costs.[4]

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Award of Attorneys' Fees and Expenses (Doc. No. 74) and Bill of Costs (Doc. No. 73) are hereby **GRANTED**, in part, and **DENIED**, in part.

**IT IS HEREBY ORDERED** that Plaintiff is awarded $ 44,322.38 in Attorney's Fees.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff is awarded costs in the amount of $ 725.67.

Dated this 29th day of April, 2011.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE

---

[4]Plaintiff asked for $967.56 in costs. (Doc. Nos. 73, 74).